WILLIAM A. REED, Applicant

v.

SAVEA POLONE, Objector

No. 331-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Le'aeno of Matu'u and Faganeanea]

July 21, 1966

Tuia, Counsel for Applicant.
Apelu, Counsel for Objector.

OPINION OF THE COURT

ROEL, *Associate Justice.*

On November 22, 1965, William A. Reed, hereinafter referred to as Applicant, filed his application with the Clerk of the High Court to be registered as the holder of the matai title Le'aeno, attached to the villages of Matu'u and Faganeanea. On December 16, 1965, Savea Polone, hereinafter referred to as Objector, filed his objection to the registration of the title by the Applicant on the grounds that he, the Objector, had a better right to the title. This resulted in both the Applicant and Objector becoming candidates for the title Le'aeno.

After considering the testimony and the evidence, it is the unanimous opinion of this Court that the Applicant is eligible to be registered as the holder of a matai title in connection with the basic qualifications as set out in Section 6.0101 of the Code. It is further clear to this Court, from the evidence presented by both Applicant and Ob-

jector, that the Objector, Savea Polone, does not meet the qualifications under Section 6.0101 in that by his own admission he was not chosen to be the holder of the title at the only meeting held by the members of the Le'aeno Family in October, 1965. The evidence showed that the Applicant was chosen for the title at the Family meeting, that he was presented with his kava cup as a symbol of his being chosen, and that he presented a "lafo" or money gifts to members of the family after his selection.

■ After considering the testimony and the evidence, it is the unanimous opinion of this Court, and we so find, that the Applicant has one-fourth hereditary right, and that the Objector has no Le'aeno hereditary right whatsoever. The Objector claimed his hereditary right by virtue of his uncle having held the title. Even if this were so, the Objector cannot attain any hereditary right from an uncle. In order to prove the one-fourth hereditary right he was claiming, he would have to show that his grandfather once held the title Le'aeno. This he failed to do. Accordingly, we hold that the Applicant prevails over the Objector on the issue of hereditary right.

In connection with the second issue, regarding the wish of the majority or plurality of the clans, this Court is of the opinion, after considering the testimony and the evidence, that there are two (2) customary clans in the Le'aeno Family, these being the Ugaloto clan and the Amio clan. We further find that each of the said two (2) clans favor the candidacy of the Applicant, William A. Reed. Accordingly, we find that the Applicant prevails over the Objector on the second issue.

After considering the testimony and the evidence, and taking into consideration the demeanor, personality, forcefulness, character, presence of mind, the clarity, speed and correctness with which the answers were given, the self-

confidence, and other qualities reflected from the speech and behavior of the candidates, this Court is of the unanimous opinion that the Applicant prevails over the Objector on the third consideration under Section 6.0107 of the Code on the issue of forcefulness, character, personality and knowledge of Samoan customs.

It is the unanimous opinion of this Court, and we so find, after considering the testimony and the evidence, that the Applicant prevails over the Objector on the fourth issue under Section 6.0107 regarding the value of the holder of the title to the Family, the Village, and the Country.

Since we find that the Applicant was the only one of the two candidates to be chosen by the Le'aeno Family for the title under Section 6.0101 of the Code, and we further find that the Applicant prevails over the Objector on the first, second, third and fourth issues under Section 6.0107 of the Code, it follows that the Applicant, William A. Reed, should be registered as the holder of the matai title Le'aeno, attached to the villages of Matu'u and Faganeanea.

The Registrar of Titles will be advised of this decree.

Court costs in the amount of $25.00 to be paid by Savea Polone within 30 days.

Done this 21st day of July, 1966.